UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HOMER ESQUIVEL AND RUBEN REYES, | § § § § | |
| V. | § | CIVIL ACTION NO. _____ |
| NGL WATER SOLUTIONS, LLC, | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

### 1.  STATE COURT ACTION

1.1   Now comes NGL WATER SOLUTIONS, LLC Defendant in a civil action brought on August 17, 2015, in the 218th District Court of State of Texas, County of LaSalle, entitled "Homer Esquivel and Ruben Reyes v. NGL Water Solutions, LLC." Cause No. 15-08-00140-CVL. The citation and petition in this action were served on NGL WATER SOLUTIONS, LLC, Defendant, on August 24, 2015. A copy of all process and pleadings filed and/or served in the action is attached.

### 2. PARTIES

2.1   Plaintiff Homer Esquivel is citizen of Texas and an individual residing in Bexar County, Texas.

2.2   Plaintiff Reuben Reyes is citizen of Texas and an individual residing in Bexar County, Texas.

Defendant NGL Water Solutions, LLC is a citizen of Colorado as it is a Limited Liability Company formed and existing under the state laws of the State of Colorado.

## 3. JURISDICTION

3.1     This Court has jurisdiction over the subject matter of this cause, pursuant to 28 U.S.C. § 1332, because this is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3.2     Pursuant to Plaintiffs' original petition, it is evident that damages are over the jurisdictional limit. *McPhail v. Deere & Co.,* 529 F.3d 947 (10th Cir. Okla. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. Ill. 2006); *Luckett v. Delta Airlines, Inc*., 171 F.3d 295 (5th Cir. La. 1999). Based on the allegations in the complaint as well as the alleged severity of the injuries sustained by the Plaintiffs, the damages sought are in excess of $75,000.

3.3     Plaintiffs' are seeking reasonable medical care and expenses incurred in the past and which they will incur with reasonable probability in the future, past physical pain and suffering, physical pain and suffering which will in reasonable probability will be suffered in the future, physical impairment suffered in the past, physical impairment which will in reasonable probability will be suffered in the future, lost past wages, loss of earning capacity which will in reasonable probability will be suffered in the future, mental anguish in the past, mental anguish which will in reasonable probability will be suffered in the future, fear of future disease or condition, disfigurement, cost of medical monitoring and prevention in the future, property damage, loss of household services and loss of use.

3.4     Further, Plaintiffs' allege that Plaintiffs suffered severe bodily injuries. Their entire bodies were bruised, battered and contused and they suffered great shock to their entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiffs' health and wellbeing. Some of the effects are permanent and will abide with the

Plaintiffs for a long time into the future, if not for their entire lives. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

3.5   Additionally, Plaintiffs' allege exemplary damages for the alleged acts and/or omissions of Defendant, which caused Plaintiffs' aforementioned alleged damages.

3.6   Therefore, as this court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332, this cause is removable to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

### 4. VENUE

4.1   Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a) because the state court where suit has been pending (218th District Court of State of Texas, County of LaSalle) is located in the Southern District of Texas.

### 5. PRAYER

5.1   WHEREFORE, NGL WATER SOLUTIONS, LLC., pursuant to these statutes and in conformance with the requirements set forth in *28 U.S.C. § 1446*, remove this action for trial from Cause No. 15-08-00140-CVL; Homer Esquivel and Ruben Reyes v. NGL Water Solutions, LLC. in the 218th District Court of State of Texas, County of LaSalle on this 31st day of August, 2015.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone:	(210) 404-0333
Telecopier:	(210) 404-0336

By: _____
RICHARD W. ESPEY
State Bar No. 06667580
Federal Bar No. 32158
respey@lawespey.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was forwarded by electronic transmission and/or first-class mail and/or facsimile transmission and/or certified mail, return receipt requested, and/or hand delivery on the 31st day of August, 2015, to:

Thomas J. Henry
Dale Hicks
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601
*Attorneys for Plaintiffs*

_____
RICHARD W. ESPEY

4