E-Filed for Record
8/17/2015 3:05:26 PM
La Salle County District Clerk , TX
By: Arturo Carbajal

CAUSE NO. 15-08-00140-CVL

| | | |
|---|---|---|
| HOMER ESQUIVEL AND REUBEN REYES, | § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| | § | |
| v. | § | 218th JUDICIAL DISTRICT |
| | § | |
| NGL WATER SOLUTIONS, LLC, | § | |
| Defendant. | § | LA SALLE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, RULE 193.7 NOTICE, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiffs Homer Esquivel and Reuben Reyes ("Plaintiffs") and file this original petition complaining of NGL Water Solutions, LLC and, on information and belief, states as follows:

### I.
### DISCOVERY LEVEL

1. Discovery shall be conducted in this case according to Level III discovery control plan.

### II.
### PARTIES/SERVICE

2. Plaintiff Homer Esquivel ("Plaintiff") is an individual residing in Bexar County, Texas.

3. Plaintiff Reuben Reyes ("Plaintiff") is an individual residing in Bexar County, Texas.

4. NGL Water Solutions, LLC ("NGL") is a corporation formed and existing under that laws of the State of Colorado, does not maintain an agent for service in the State of Texas, doing business in the State of Texas and may be served through the Texas Secretary of State, by

**EXHIBIT 3**

and through its registered agent, Corporation Company, 1675 Broadway, Ste. 1200, Denver, Colorado 80202-4682.

### III.
### VENUE

5.     Venue is proper in La Salle County, Texas, pursuant to §15.002(a)(1) Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

6.     The Court has jurisdiction over Defendant because the accident occurred in La Salle County, Texas.

7.     This is a cause of action for injunctive relief and money damages within this Court's jurisdiction.

### IV.
### FACTS AND CLAIMS

8.     On or about August 11, 2015, Plaintiffs were traveling on FM 624 near mile marker 470, when they were struck by a vehicle owned by the Defendant NGL and being operated by one of its drivers.  As a result of this collision, Plaintiffs sustained severe injuries and damages.

9.     Plaintiffs would show unto the Court that the driver of NGL's vehicle was at all times acting in the course and scope of his employment for NGL at the time of the occurrence. Pleading alternatively, Plaintiffs would show that the NGL negligently entrusted the subject truck to its driver on the occasion in question.

**EXHIBIT 3**

## V.
## NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE
## AGAINST NGL MOTORS, INC.

10.     Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

11.     At the time of the occurrence of the act in question and immediately prior thereto, NGL's driver was driving a truck owned and operated by NGL and was in the course and scope of his employment with NGL.

12.     At the time of the occurrence of the act in question and immediately prior thereto, NHL's driver was engaged in the furtherance of NGL's business.

13.     At the time of the occurrence of the act in question and immediately prior thereto, NGL's driver was engaged in accomplishing a task for which he was employed.

14.     Plaintiffs invoke the doctrine of *respondeat superior* against NGL

15.     NGL is liable under the doctrine of *respondeat superior* in that NGL's driver was operating a vehicle in the course and scope of his employment with NGL

16.     NGL is also negligent in one or more of the following respects:

a.      Negligent hiring of its driver;

b.      Negligent training;

c.      Negligent supervision;

d.      Negligent retention;

e.      Negligent entrustment of the NGL truck;

f.      NGL failed to implement adequate safety programs for the prevention of collisions by NGL's employees in violation of motor carrier fleet industry standards;

**EXHIBIT 3**

i.    NGL failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of drivers of its vehicles occurred;

j.    NGL placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred; and

k.    NGL failed to instate adequate policies and procedures to prevent the entrustment of vehicles to incompetent and unsafe drivers of its vehicles;

17.    As described herein, NGL was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

18.    Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiffs, all of which Plaintiffs suffered and will continue to suffer in the future, if not for the remainder of their natural lives, and other losses to Plaintiffs.

## VI.
## EXEMPLARY DAMAGES

19.    Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

20.    The above-referenced acts and/or omissions by each of the Defendant constitutes malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively

**EXHIBIT 3**

the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

21.     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

22.     Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

23.     Therefore, for such malice on behalf of Defendant, Plaintiffs sue for exemplary damages in an amount to be determined at trial.

## VII.
## DAMAGES

24.     As a direct and proximate result of the negligence and gross negligence of Defendants, Plaintiffs suffered severe bodily injuries. Their entire bodies were bruised, battered and contused and they suffered great shock to their entire nervous system.  The injuries are permanent in nature.  The injuries have had a serious effect on the Plaintiffs' health and well-being.  Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire lives.  These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering and mental anguish, and in all reasonable probability, will continue to suffer in this manner for a

**EXHIBIT 3**

long time into the future, if not for the balance of their natural lives.

    25.    Additionally, as a direct and proximate result of the occurrence made the basis of

this lawsuit, Plaintiffs suffered the following damages:

    a.    Reasonable medical care and expenses in the past. Plaintiffs incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

    b.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment, which will, in all reasonable probability, be suffered in the future;

    g.    Lost wages in the past;

    h    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i.    Mental anguish in the past;

    j.    Mental anguish which will, in all reasonable probability be suffered in the future;

    k.    Fear of future disease or condition;

    l.    Disfigurement;

    m.    Cost of medical monitoring and prevention in the future;

    n.    Property damage; and

    o.    Loss of household services and loss of use.

**EXHIBIT 3**

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

26.     Plaintiffs hereby incorporate each of the foregoing paragraphs as if set forth in full in this section.

27.     Plaintiffs seeks prejudgment and post judgment interest at the maximum legal rate.

## IX.
## JURY DEMAND

28.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket.  In support of his application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## X.
## RULE 193.7 NOTICE

29.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give actual notice to Defendant that any and all documents produced by Defendant in response to written discovery may be used against each Defendant and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## XI.
## REQUEST FOR DISCLOSURE

30.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose within fifty (50) days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

**EXHIBIT 3**

## XII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

COMES NOW Plaintiffs Reuben Reyes and Alfredo Trevino before this Honorable Court

and files a motion for temporary injunction and in connection therewith, presents a motion for a

temporary restraining order together with their original petition for injunction and affidavit

supporting the motion presented.

## XIII.

Plaintiffs requests a temporary restraining order and temporary injunction that unless

Defendant NGL Water Solutions, LLC ("NGL") is immediately deterred from taking any action

that might alter, damage or destroy the NGL Mack Truck (MC612201; VIN CM010817; U

USDOT 1665070) and its respective component parts to include electronic control module and

any data already downloaded from the electronic control module  involved in the incident on

August 13, 2015, and any other evidence to include, but not limited to, blood, urine, blood and

urinanalysis tests, results, medical records, prescription bottles, prescription records, reports and

the like of NGL's driver, it will commit said acts before notice of the hearing on the motion for a

temporary injunction can be served and hearing had; that if the commission of said acts are not

immediately restrained, Plaintiffs will suffer irreparable injury, to wit: Defendant's repair,

removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy

or severely alter the condition of the evidence and prevent Plaintiffs from asserting the right to

inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiffs further request a temporary restraining order and temporary injunction that

unless NGL, its agents, servants, and employees or anyone acting in concert therewith, are

immediately deterred from taking any action that might alter, damage or destroy any cellular

**EXHIBIT 3**

phone or other hand-held device in the possession of its driver at the time of the collision on August 11, 2015, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any and all operational or trip related documents created or received by NGL's driver, to include any weigh bills, trip tickets, driver's daily logs, record of driver's duty status, driver's daily condition report, bills of lading, payment of services, Driver Qualification File and Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for NGL's drivers, all maintenance records, repair reports and any other document related to repairs or maintenance of the Mack truck involved in the incident on August 13, 2015, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiffs will suffer irreparable injury.

Plaintiffs further request that the company's document retention policy be suspended to the extent such would result in the destruction of any evidence covered by this TRO, including but not limited to maintenance records, driver logs, vehicle information, time sheets, root cause analyses, preventability accident, employment files, employment records, or any documents concerning the vehicle involved in the collision giving rise to this lawsuit.

XIV.

Plaintiffs respectfully request the Court order that Defendant NGL agents, servants, employees or anyone having knowledge of this order are hereby ordered to desist and refrain from the following:

**EXHIBIT 3**

Taking any action that might alter, damage or destroy the above identified Mack truck, its respective component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on August 13, 2015, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, medical records, prescription bottles, prescription records, reports and the like of NGL's driver in this matter; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of NGL at the time of the collision on August 11, 2015, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any and all operational or trip related documents created or received by NGL, to include any weigh bills, trip tickets, driver's daily logs, record of driver's duty status, driver's daily condition report, bills of lading, payment of services, Driver Qualification File and Driver Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for NGL drivers, all maintenance records, repair reports and any other document related to repairs or maintenance of the wheel tractor/trailer unit involved in the incident on August 13, 2015, and any other documents, reports, or memoranda related to this incident or involved in the incident on August 13, 2015, and any other documents, reports, or memoranda related to this incident.

### XV.

Plaintiffs are not aware of any counsel representing NGL at this time.

### XVI.
### PRAYER

Based on the foregoing, Plaintiffs Reuben Reyes and Alfredo Trevino respectfully request that the Defendant be cited to appear and answer herein, and that upon a final hearing of

**EXHIBIT 3**

the cause, judgment be entered for the Plaintiffs against Defendant, jointly and severally, for

actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits

of this Court; together with pre-judgment interest (from the date of injury through the date of

judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of

court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr St.
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Dale Hicks
State Bar No 09575430
**ATTORNEYS FOR PLAINTIFFS**

**EXHIBIT 3**

## AFFIDAVIT

STATE OF TEXAS      §
                                  §

COUNTY OF BEXAR      §

    **BEFORE ME**, the undersigned authority, personally appeared, Dale Hicks, who upon his oath stated,

    "I am an attorney licensed to practice law in the State of Texas. I have been employed to represent Plaintiffs Reuben Reyes and Homer Esquivel for injuries sustained in the incident which occurred on August 11, 2015. If the vehicle involved in this incident which is in the possession of the Defendant is in any way altered, crucial evidence may be forever lost to the Plaintiffs. The facts stated in the Application for Temporary Restraining Order and Temporary Injunction are true and correct.

    Further, Affiant sayeth not."

                                            Dale Hicks

    SUBSCRIBED AND SWORN TO BEFORE ME, by the said Dale Hicks on the 14th day of August, 2015 to certify which witness my hand and seal.

                                          Notary Public, State of Texas

DWAYNE FITZGERALD DOZIER
Notary Public, State of Texas
My Commission Expires
July 27, 2019

15-011005 – POP/ TRO APP./193.7/RFD                             Page 12

**EXHIBIT 3**

E-Filed for Record
8/17/2015 3:05:26 PM
La Salle County District Clerk, TX
By: Arturo Carbajal

CAUSE NO. 15-08-00140-CVL

| | | |
|---|---|---|
| HOMER ESQUIVEL AND | § | IN THE DISTRICT COURT |
| REUBEN REYES, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | 218ᵗʰ JUDICIAL DISTRICT |
| | § | |
| NGL WATER SOLUTIONS, LLC, | § | |
| *Defendant.* | § | LA SALLE COUNTY, TEXAS |

### TEMPORARY RESTRAINING ORDER AND
### ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiffs Homer Esquivel and Reuben Reyes ("Plaintiffs") have filed a motion for temporary injunction and in connection therewith, have presented a motion for a temporary restraining order together with an Original Petition and Application for Injunction and Affidavit supporting the motion presented.  It appears from these papers that Plaintiffs are entitled to a temporary restraining order and temporary injunction that unless Defendant NGL Water Solutions, LLC ("Defendant"), its agents, servants, and employees and anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the Mack truck (MC 612201; VIN CMO10817; USDOT 166507) ("Subject Vehicle"), and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on August 11, 2015, and any other evidence to include, but not limited to, in any, blood, urine, blood and urinanalysis tests, results, medical records, prescription bottles, prescription records, reports, and the like of Defendant's driver, or other like evidence in its possession, they will commit said acts before notice of the hearing on the motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiffs will suffer irreparable injury, to wit: Defendant's repair, removal, destruction, disposal, inspection or testing of the evidence

15-011005 TRO                                                                                     PAGE I

**EXHIBIT 3**

involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiffs from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiffs further request a temporary restraining order and temporary injunction that unless Defendant, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held devices in the possession of Defendant's driver at the time of the incident on August 11, 2015, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any and all operational or trip related documents created or received by Defendant's driver, to include, if applicable, any weigh bills, trip tickets, driver's daily logs, record of driver's duty status, driver's daily condition report, bills of lading, payment of services, Driver Qualification File and Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendant, all maintenance records, repair reports and any other document related to repairs or maintenance of the Subject Vehicles involved in the incident on August 11, 2015, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiffs will suffer irreparable injury.

IT IS THEREFORE, ORDERED that Defendant, its agents, servants, employees, and anyone acting in concert therewith, or anyone having knowledge of this Order are hereby commanded forthwith to desist and refrain from the following:

Taking any action that might alter, damage or destroy, in any way, any and all of the remains of the Subject Vehicle involved in the incident on August 11, 2015,

15-011005 TRO                                                                PAGE 2

**EXHIBIT 3**

and its component parts to include electronic control module and any data already downloaded from the electronic control module or in any way from moving, repairing, testing, or altering such vehicles and their component parts to include their electronic control module without notice to and consent of Plaintiffs;

Taking any action that might alter, damage or destroy in any way, any and all of the blood, urine, blood and urinanalysis tests, results, medical records, prescription bottles, prescription records, reports, and the like of Defendant's driver or in any way alter, damage or destroy those records without notice to and consent of Plaintiffs;

Taking any action that might alter, damage or destroy any and all operational and dispatch records, including any weigh bills, trip tickets, driver's daily logs, record of driver's duty status, driver's daily condition report, bills of lading, payment of services, Driver Qualification File and Driver Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendants, any data already retrieved from the vehicle's electronic control module, any maintenance records, repair reports and any other document related to repairs or maintenance of the Subject Vehicle involved in the incident on August 11, 2015, and any other documents, reports, or memoranda related to this incident; and

Taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant's driver at the time of the collision on August 11, 2015, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device.

IT IS FURTHER ORDERED that Defendant be cited to appear and show cause and that upon such hearing a temporary injunction be issued enjoining such Defendant, its agents, servants, and employees or anyone acting in concert therewith, from:

Taking any action that might alter, damage or destroy, in any way, any and all of the remains of the Subject Vehicle involved in the incident on August 11, 2015, and their component parts to include electronic control module and any data already downloaded from the electronic control module or in any way from moving, repairing, testing, or altering such vehicles and their component parts to include their electronic control module without notice to and consent of Plaintiffs;

Taking any action that might alter, damage or destroy in any way, any and all of the blood, urine, blood and urinalysis tests, results, medical records, prescription bottles, prescription records, reports, and the like of Defendant's driver, or in any way alter, damage or destroy those records without notice to and consent of Plaintiffs;

EXHIBIT 3

Taking any action that might alter, damage or destroy any and all operational and dispatch records, including any weigh bills, trip tickets, driver's daily logs, record of driver's duty status, driver's daily condition report, bills of lading, payment of services, Driver Qualification File and Driver Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendant, any data already retrieved from the vehicle's electronic control module, any maintenance records, repair reports and any other document related to repairs or maintenance of the Subject Vehicles involved in the incident on August 11, 2015, and any other documents, reports, or memoranda related to this incident; and

Taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant's driver at the time of the collision on August 11, 2015, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device.

IT IS FURTHER ORDERED that Defendant, its agents, servants and employees, allow Plaintiffs or their representatives to inspect, photograph and videotape the exterior and interior of the Subject Vehicle and their component parts to include electronic control module, involved in the incident which occurred on August 11, 2015, and made the basis of this injunction.

IT IS FURTHER ORDERED that Defendant, its agents, servants and employees, allow Plaintiffs or their representatives to inspect, examine, and retrieve digital information from any cell phone or other hand-held device in the possession of Defendant's driver utilized by Defendant's driver on August 11, 2015.

The clerk shall forthwith on the filing by Plaintiffs of the Bond hereinafter required and in approving the same according to the law, issue a *temporary restraining order* in conformity with the law and the terms of this Order.  This Order shall not be effective unless and until Plaintiffs execute and file with the clerk a bond in conformity with the law, in the amount of $ 1,500.00 .

EXHIBIT 3

IT IS FURTHER ORDERED, that Plaintiffs' Application for Temporary Injunction be

heard at __9:00__ o'clock __a__.m., on the __24th__ day of August, 2015, in the __LaSalle__

Wilson County Judicial District Court, 802 N. Main, Cotulla, Texas 78014 (830) 879-9922. 879-4434

IT IS FURTHER ORDERED that notice be issued to the Defendant commanding them

to appear and show cause why the temporary injunctions prayed for in Plaintiffs' Original

Petition and Application for Temporary Injunction should not be granted.

This Order expires on __August 24th, 2015__.

SIGNED AND ENTERED this the 17th day of August, 2015, at __8:00__ O'Clock,

__a__.m.                                        18th

_Russell Wilson_

**JUDGE PRESIDING**



FILED FOR RECORD
At 1:35 o'clock P.M.

AUG 18 2015

MARGARITA A. ESQUEDA
COUNTY & DISTRICT CLERK
LA SALLE COUNTY, TEXAS
By: _____ Deputy

15-011005 TRO                                        PAGE 5

**EXHIBIT 3**

Clerk of the Court
Margarita A. Esqueda
Courthouse Square, Suite 107
Cotulla, TX 78014

Attorney for Plaintiff or Plaintiff
Dale Hicks
521 Starr St.
Corpus Christi, TX 78401

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "**You have been sued. You may employ an attorney. If you
or your attorney do not file a written answer with the clerk who issued this citation by
10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.**"

TO: **NGL WATER SOLUTIONS,LLC., BY SERVING THE TEXAS SECRETARY OF
STATE AND THROUGH ITS REGISTERED AGENT, CORPORATION COMPANY,
1675 BROADWAY, STE. 1200., DENVER, COLORADO 80202-4682** , Defendant,
GREETINGS:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original
Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days
after the date of service of this citation before the Honorable District Court of LaSalle County,
Texas at the Courthouse of LaSalle County in Cotulla, Texas. Said Petition was filed on the 17th
day of August, 2015,A.D. in this case numbered 15-08-00140-CVL on the docket of said court
and styled, **HOMER ESQUIVEL AND REUBEN REYES** , Plaintiff, VS. **NGL WATER
SOLUTIONS, LLC.**, Defendant.

The nature of the Plaintiff's demand is fully shown by a true and correct copy of
Plaintiff's Original Petition accompanying this citation and made a part hereof.

The office executing this writ shall promptly serve the same according to the
requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at LaSalle County, Texas, this the
18th day of August, 2015,A.D.

Attest: _Margarita A Esqueda_
Margarita A. Esqueda, Clerk, DISTRICT Court,
LaSalle County, Texas.

By: _Aido Carbajal_ _____ Deputy
ARTURO CARBAJAL

00256727

DELIVERED:
ON: _8.20.15_
BY: _TR SCH 312_
@: ___:___ am pm

**EXHIBIT 3**

### SHERIFF'S / CONSTABLE'S RETURN

Came To Hand On The _20th_ Day of _August_____,A.D. 2015, at _12 30_ o'clock _P_ M.,
AND EXECUTED on the_____Day of _____,A.D. 2015, at _____ o'clock ____M.,
in _____ County, Texas by delivering to the within-named defendants, in person, a true copy of this
Citation, having first endorsed thereon the date of delivery, together with the accompanying true an
correct copy of the Plaintiff's Petition, at the following times and places, to-wit:

| Time | Name | Place | Date |
|------|------|-------|------|
|      |      |       |      |
|      |      |       |      |
|      |      |       |      |
|      |      |       |      |

And not executed as to the defendant___, _____

the diligence used in finding said defendant__, being _____

File No. 15-08-00140-CVL

HOMER ESQUIVEL AND REUBEN REYES

VS.

NGL WATER SOLUTIONS, L.L.C.

CITATION FOR PERSONAL SERVICE

In DISTRICT COURT of
LaSalle County, Texas

Issued

This 18th day of August, 2015, A.D.

Margarita A. Esqueda, District Clerk

By:
ARTURO CARBAJAL
Deputy

Filed

This _____ day of _____, 2015

Margarita A. Esqueda, District Clerk

By: _____
Deputy

and the cause of failure to execute this process is: _____
_____

and the information received as to the whereabouts of the said defendant__, being: _____

_____ Sheriff / Constable       Total Fees:$ _____

_____ County, Texas

By_____ Deputy

**EXHIBIT 3**

E-Filed for Record
8/21/2015 4:44:18 PM
La Salle County District Clerk , TX
By: Arturo Carbajal

CAUSE NO. 15-08-00140-CVL

| | | |
|---|---|---|
| HOMER ESQUIVEL AND | § | IN THE DISTRICT COURT |
| REUBEN REYES, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | 218TH JUDICIAL DISTRICT |
| | § | |
| NGL WATER SOLUTIONS, LLC, | § | |
| *Defendant.* | § | LA SALLE COUNTY, TEXAS |

## ORDER GRANTING EXTENSION OF TEMPORARY RESTRAINING ORDER

On this the 24 day of Aug. , 2015, came on to be considered Plaintiffs' Motion to Extend Hearing on Temporary Restraining Order. The Court after considering the arguments of counsel finds good cause that the Plaintiffs' Motion to Extend Hearing on Temporary Restraining Order should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiffs are granted a fourteen (14) day extension of Plaintiffs' Temporary Restraining Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant appear before this Honorable Court on the 1st day of September , 2015, at 9:00 o'clock a.m. p.m. in the Judicial District Court of La Salle County, Texas and then and there show cause, if any there be, why a Temporary Injunction should not be issued as prayed for by Applicants/Plaintiffs Homer Esquivel and Reuben Reyes.

SIGNED at 9:50 o'clock a.m. p.m. on this 24 day of August , 2015.

_____
JUDGE PRESIDING

FILED FOR RECORD
At 9:55 o'clock A M.

AUG 2 4 2015

MARGARITA A. ESQUEDA
COUNTY & DISTRICT CLERK
LA SALLE COUNTY, TEXAS
By: _____ Deputy

VOL. 101 PAGE 410

**EXHIBIT 3**

E-Filed for Record
8/31/2015 2:18:04 PM
La Salle County District Clerk , TX
By: Arturo Carbajal

R:\25111.0171\pleadings -state\petitions-answers\def org ans.docx
August 31, 2015\RWE\emb

## CAUSE NO. 15-08-00140-CVL

| | | |
|---|---|---|
| HOMER ESQUIVEL AND | § | IN THE DISTRICT COURT |
| RUBEN REYES, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | 218TH JUDICIAL DISTRICT |
| | § | |
| NGL WATER SOLUTIONS, LLC, | § | |
| *Defendant.* | § | LA SALLE COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes NGL WATER SOLUTIONS, LLC, Defendant in the above-captioned cause of action, and file this its Original Answer, and for such would respectfully show unto the Court as follows:

### I.

Defendant denies generally the allegations contained in Plaintiffs' Original Petition and Application for Temporary Restraining Order and Injunction, Rule 193.7 Notice, and Request for Disclosure and asks for a trial of the issues before a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, NGL WATER SOLUTIONS, LLC, prays for judgment and general relief.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232
Telephone:   (210) 404-0333
Telecopier:   (210) 404-0336

By: _____
RICHARD W. ESPEY
State Bar No. 06667580
respey@lawespey.com
ATTORNEYS FOR DEFENDANT

**EXHIBIT 3**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on August 31, 2015, on the following counsel of record:

Thomas J. Henry
Dale Hicks
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr St.
Corpus Christi, Texas 78401
Facsimile: (361) 985-0601
*Attorneys for Plaintiffs*

RICHARD W. ESPEY

2

**EXHIBIT 3**