IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HOMER ESQUIVEL AND REUBEN REYES, | § § § | |
| Plaintiffs, | § § | Civil Action No. 5:15-cv-00187 |
| VS. | § § | |
| NGL WATER SOLUTIONS, LLC. AND ELLIOT RUSSELL GIRARD, Defendants. | § § § | DEMAND FOR JURY TRIAL |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW HOMER ESQUIVEL AND REUBEN REYES, Plaintiffs herein, complaining of NGL WATER SOLUTIONS, LLC. and ELLIOT RUSSELL GIRARD, Defendants herein, and for cause of action would respectfully show this Honorable Court the following:

## INTRODUCTION

This is a lawsuit arising from a collision that occurred in La Salle County, Texas between Plaintiffs and Defendant Elliot Russell Girard while Defendant Elliot Russell Girard was acting within the course and scope of his employment with Defendant NGL Water Solutions, LLC. As a result of the collision Plaintiffs were severely injured and suffered great damages.

## PARTIES

1. Plaintiff Homer Esquivel ("Plaintiff") is an individual residing in Bexar County, Texas.

2. Plaintiff Reuben Reyes ("Plaintiff") is an individual residing in Bexar County, Texas.

Page 1

3. Defendant NGL Water Solutions, LLC ("NGL") is a corporation formed and existing under that laws of the State of Colorado. This Defendant has been served and no further service is necessary.

4. Defendant Elliot Russell Girard ("Girard") is an individual residing in Comal County, Texas, and may be served with process at his place of residence, 1355 Ranch Pkwy Apt 313, New Braunfels, Texas 78130-3990.

## JURISDICTION AND VENUE

5. Plaintiffs filed their original petition in this case in La Salle County District Court on August 17, 2015. On August 31, 2015, Defendant NGL filed a Notice of Removal to this Court.

6. Subsequently, Plaintiffs determined that Defendant Girard was the driver of the truck that collided with Plaintiffs in the collision made the basis of this lawsuit. Defendant Girard is a citizen of the state of Texas, thus jurisdiction in this Court is no longer proper under 28 U.S.C. §1332 because complete diversity of the parties is destroyed. Thus, Plaintiffs contend that a remand to the District Court of La Salle County, Texas is proper.

7. Venue is proper in La Salle County, Texas in that all of part of the cause of action occurred in La Salle, County.

## FACTUAL BACKGROUND

8. On or about August 11, 2015, Plaintiffs were lawfully operating a black 2012 Ford F-150 truck traveling eastbound on FM 624 near mile marker 470.

9. Immediately to the left of Plaintiffs' vehicle was a gray 2012 commercial 18 wheeler truck operated at a high rate of speed by Defendant Girard in the left hand lane of FM 624 traveling west.

10. Suddenly and without warning, Defendant Girard veered out of his lane of travel and traveled into Plaintiffs' lane of travel and struck Plaintiffs' Ford F-150 on the left side of Plaintiffs' vehicle, and caused Plaintiffs' vehicle to roll over into a ditch along the side of FM 624. At the time of the collision, Defendant Girard was driving a vehicle owned and operated by Defendant NGL. As a result of this collision, Plaintiffs sustained severe injuries and damages.

11. Plaintiffs would show unto the Court that Defendant Girard was at all times acting in the course and scope of his employment for NGL at the time of the occurrence. Pleading alternatively, Plaintiffs would show that the NGL negligently entrusted the subject truck to Defendant Girard on the occasion in question.

## FIRST CAUSE OF ACTION—PLAINTIFFS' CLAIMS OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT NGL WATER SOLUTIONS, LLC.

12. Plaintiffs hereby re-allege the factual allegations contained in paragraphs 7-11 and incorporate them herein by reference.

13. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Girard was within the course and scope of his employment with Defendant NGL.

14. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Girard was engaged in the furtherance of Defendant NGL's business.

15. At the time of the occurrence of the act in question and immediately prior thereto,

Defendant Girard was engaged in accomplishing a task for which Defendant Girard was employed.

16. Plaintiffs invoke the doctrine of <u>Respondeat Superior</u> against Defendant NGL. Defendant NGL is liable under the doctrine of <u>Respondeat Superior</u> in that Defendant Girard was operating the vehicle in the course and scope of his employment with Defendant NGL.

17. Defendant NGL is also negligent in one or more of the following respects:

    a.    Negligent hiring of Defendant Girard;

    b.    Negligent training of Defendant Girard;

    c.    Negligent supervision and monitoring of Defendant Girard; and

    d.    Negligent retention of Defendant Girard.

As described herein, Defendant NGL was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

18. Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence and gross negligence that proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

<b><u>SECOND CAUSE OF ACTION—PLAINTIFFS' CLAIMS OF<br>NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE<br>AGAINST DEFENDANT ELLIOT RUSSELL GIRARD</u></b>

19. Plaintiffs hereby re-allege the factual allegations contained in paragraphs 7-18 and incorporate them herein by reference.

20. Defendant Girard had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

21. Plaintiffs' injuries were proximately caused by Defendant Girard's negligent, careless, and reckless disregard of said duty.

22. The negligent, careless, and reckless disregard of the duty of Defendant Girard consisted of, but is not limited to, the following acts and omissions:

    a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351.

    c. in failing to maintain an assured clear distance between the vehicle Plaintiffs were in and Defendants' vehicle, which would permit Defendant Girard to bring his vehicle to a safe stop without colliding with vehicles, including Plaintiffs' vehicle, in violation of Texas Transportation Code §545.062;

    d. in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

    e. in failing to turn his vehicle in an effort to avoid the collision in question;

    f. in failing to drive defensively to avoid an emergency;

    g. in failing to make safe decisions while driving;

    h. in failing to blow his horn to warn of imminent collision;

    i. in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiffs and his vehicle, in

violation of Texas Transportation Code §545.401; and,

j.   in failing to maintain travel within a single lane, in violation of Texas Transportation Code §545.060 (a).

23. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se, and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives, and the damage and other losses to Plaintiffs.

**EXEMPLARY DAMAGES**

24. Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

25. The above-referenced acts and/or omissions by Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

26. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk,

considering the probability of harm to Plaintiffs and others.

27. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

28. Therefore, for such malice on behalf of Defendants, Plaintiffs sue for exemplary damages in an amount to be determined at trial.

## DAMAGES FOR PLAINTIFFS

29. Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

30. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered severe bodily injuries to their heads, necks, backs, shoulders, and other parts of their bodies generally. The injuries have had a serious effect on the Plaintiffs' health and wellbeing. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for the rest of their lives. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of these injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

31. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to incur the following damages:

    a.  Reasonable medical care and expenses in the past. Plaintiffs incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county they were incurred;

    b.  Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c.  Physical pain and suffering in the past;

    d.  Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

    e.  Physical impairment in the past;

    f.  Physical impairment, which will, in all reasonable probability be suffered in the future;

    g.  Lost wages in the past, present and future;

    h.  Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i.  Mental anguish in the past;

    j.  Mental anguish which will, in all reasonable probability be suffered in the future;

    k.  Disfigurement.

32. As a result, the damages sought are in excess of one million dollars ($1,000,000.00).

## DEMAND FOR JURY TRIAL

33. Plaintiffs hereby make their demand for a jury trial and acknowledge herein the payment on this date of the required jury fee.

## PRAYER

WHEREFORE, premises considered the Plaintiffs hereby request and pray that the

Defendants be cited to appear and answer herein and that upon final hearing the Plaintiffs have and recover from Defendants, jointly and severally, their actual damages, exemplary damages, attorneys' fees, prejudgment (from the date of injury through the date of judgment) and post judgement interest as allowed by law, court costs and other and further relief to which the Plaintiffs may show themselves to be justly entitled at law or in equity.

Respectfully Submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By _____
Thomas J. Henry
State Bar No. 09484210
Alan Dale Hicks
State Bar No. 09575430
*Email:dhicks-svc@thomasjhenrylaw.com

**ATTORNEYS FOR PLAINTIFFS**

*Service by email to this email address only.

Page 9

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument,

Plaintiffs' First Amended Complaint, was served in accordance with the Federal Rules of Civil

Procedure on all counsel of record on this _22nd_ day of September, 2015.

***VIA TELECOPIER*: (210) 404-0336**
Espey & Associates, PC
Richard W. Espey
13750 San Pedro Avenue, Suite 730
San Antonio, Texas 78232

Dale Hicks

Page 10